**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRYANT YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:24-CV-81** |
| | ) | |
| **DR. LAUREL HARRY, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM ORDER

This action was received by the Clerk of Court on March 18, 2024. The matter was assigned and referred to United States Magistrate Judge Kezia O.L. Taylor, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Plaintiff brings multiple claims against multiple Defendants arising out of his incarceration within the State Correctional system. Defendants have moved to dismiss. ECF No. 90. On October 13, 2026, Judge Taylor issued a Report and Recommendation recommending that Defendants' motion to dismiss be granted in part and denied in part. ECF No. 96. No party has filed Objections to the Report and Recommendation.

Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under 28 U.S.C. § 636. *See Hill v. Barnacle*, 655 Fed. App'x 142, 148 (3d Cir. 2016) ("District courts are not required to make any

separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b). We presume that the District Court engaged in the required de novo review absent some indication to the contrary. There is no such indication here because the District Court noted Hill's objections and stated that it reviewed the record independently.") (internal citation omitted).

After *de novo* review of the complaint and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 3rd day of November 2026;

IT IS ORDERED that the motion to dismiss is granted in part and denied in part as follows:

- All claims asserted against Defendants in their official capacities are dismissed with prejudice;
- The Eighth Amendment claim in Count I is permitted to proceed to discovery against Defendants Ferguson, Bickell, and Coulehan only;
- The Eighth Amendment claim in Count III is permitted to proceed to discovery but is limited to Plaintiff's claims of being denied medical care for obvious injuries and remaining without running water and a functioning toilet from July 2-5, 2022; and
- Defendants Harry, Little, Benning, Dick, Buzas, Zaken, Napoleon, and McCraken are dismissed due to their lack of personal involvement.

AND, IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Taylor, issued on October 13, 2026 [ECF No. 96] is adopted as the opinion of the court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge